# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KRISSY S.,[1] | : | Case No. 3:22-cv-00248 |
| Plaintiff, | : : | District Judge Michael J. Newman |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[2]

Plaintiff filed an application for Supplemental Security Income (SSI) on March 13, 2020. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court

---

[1] See S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] See 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

recommends that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

I. BACKGROUND

Plaintiff asserts that she has been under a disability since the SSI application date of March 13, 2020.[3] At that time, she was forty years old. Accordingly, Plaintiff was considered a "younger person" under the Social Security Regulations. *See* 20 C.F.R. § 416.963(d). Plaintiff has a "limited education." *See* 20 C.F.R. § 416.964(b)(3).

The evidence in the Administrative Record ("AR," ECF No. 8) is summarized in the ALJ's decision (*id.* at PageID 39-53), Plaintiff's Statement of Errors ("SE," ECF No. 9), the Commissioner's Memorandum in Opposition ("Mem. In Opp.," ECF No. 11), and Plaintiff's Reply Memorandum ("Reply," ECF No. 13). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

II. STANDARD OF REVIEW

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

---

[3] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Because the alleged onset date is the SSI application date, the relevant period of consideration in this case began on March 13, 2020. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### III.  FACTS

#### A.  The ALJ's Factual Findings

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920.  The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since March 13, 2020, the SSI application date. |
| Step 2: | | She has the severe impairments of status-post mitral valve prolapse, morbid obesity, chronic obstructive pulmonary disease (COPD)/asthma, low back pain with radiculopathy, headaches, anxiety, and depression. |
| Step 3: | | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: "[S]he must avoid climbing ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can frequently balance, stoop, kneel, and crouch. She can occasionally crawl. She should |

4

> never work around unprotected heights or moving mechanical parts. She cannot operate a motor vehicle. She must avoid concentrated exposure to dusts, odors, fumes, and pulmonary irritants. She has the ability for but is limited to the performance of simple, routine tasks but not at a production rate pace, such as assembly line work. She can interact with coworkers and supervisors on an occasional basis but must avoid public contact. She is limited to tolerating few changes in a routine work setting."
>
> She has no past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

(AR, ECF No. 8-2 at PageID 42-52.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 52-53.)

**B.     The ALJ's Hypothetical and Vocational Expert Testimony**

The ALJ posed the following hypothetical question to the vocational expert (VE) at the July 2021 hearing:

> I [woul]d like you to assume a hypothetical individual of a similar age, education and work experience with the ability for light work. However, this individual must avoid climbing ladders, ropes or scaffolds, have the ability for occasional climbing of ramps and stairs. Can frequently balance, stoop, kneel, and crouch, can occasionally crawl. Should never work around unprotected heights or moving mechanical parts, no operating a motor vehicle. This person must avoid concentrated exposure to dusts, odors, fumes and pulmonary irritants. This individual has the ability for, but is limited to the performance of simple, routine tasks, but not at a production rate pace such as assembly line work. ***Has the ability to interact with coworkers and supervisors on an occasional basis, but must avoid public contact and interaction. Can have superficial interaction or contact with the public.*** And, limited to tolerating few changes in a routine work setting.

(AR, ECF No. 8-2 at PageID 70 (emphasis added).)

The VE responded that such an individual could perform the following light, unskilled jobs: Labeler, Dictionary of Occupational Titles (DOT) code 920.687-126, approximately 83,850 positions nationally; Tacking Machine Tender, DOT code 786.685-034, approximately 50,350 positions nationally; and Collator Operator, DOT code 208.685-010, approximately 44,200 positions nationally. (AR, ECF No. 8-2 at PageID 70-71.) The VE further testified that even if the hypothetical individual could perform only sedentary work—with all other limitations remaining the same—such an individual could perform the following sedentary, unskilled jobs: Film Touch-up Inspector, DOT code 726.684-050, approximately 48,600 positions nationally; Table Worker, DOT code 739.687-182, approximately 27,400 positions nationally; and Printed Circuit Board Touchup Screener, DOT code 726.684-110, approximately 49,700 positions nationally. (*Id.* at PageID 71.) The ALJ cited to this testimony to support his conclusion that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and is not disabled. (*Id.* at PageID 52.)

IV.     LAW AND ANALYSIS

Plaintiff asserts just one error: The ALJ's RFC "is not supported by substantial evidence because it is more restrictive than the hypothetical given to the vocational witness at the administrative hearing," and so it is "impossible to discern whether the [VE's] testimony relates to the [RFC]." (SE, ECF No. 9 at PageID 905; Reply, ECF No. 13 at PageID 928.) As a result, the ALJ's conclusions at Steps Four and Five of the sequential evaluation are unsupported by substantial evidence. (Reply, ECF No. 13 at

PageID 928.) For the reasons discussed below, Plaintiff's assertion regarding the ALJ's Step Five Finding is well-taken, and the ALJ's decision should be reversed.

### A. The ALJ's Step Five Finding Is Not Supported By Substantial Evidence

A claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). Determination of the RFC is a task reserved for the ALJ. 20 C.F.R. § 416.946(c). The ALJ must base the RFC on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). This includes objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings. *See* 20 C.F.R. § 416.945(a)(1)-(5).

Once the ALJ determines that a plaintiff's RFC prevents the performance of her past relevant work, the burden shifts to the Commissioner to show that Plaintiff is able to "perform other substantial gainful activity that exists in the national economy." *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987) (citations omitted). To meet this burden, the ALJ must find that a plaintiff has the "vocational qualifications to perform specific jobs," and this finding must be "supported by substantial evidence." *O'Banner v. Sec'y of Health, Ed. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978) (citation omitted). An ALJ may also rely on the testimony of a vocational expert (VE). 20 C.F.R. §§ 416.960(b)(2), 416.966(e). "Substantial evidence may be produced through reliance on the testimony of a VE in response to a 'hypothetical' question, but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Varley*, 820 F.2d at 779 (6th Cir. 1987) (citations omitted).

Here, the ALJ's hypothetical question to the VE does not accurately portray Plaintiff's impairments because it contains conflicting social limitations. A limitation to "superficial public contact" means that an individual is capable of interacting with the public on a superficial basis.[4] By contrast, a limitation to "no public contact" means that an individual is incapable of any public interaction—including occasional or superficial interactions. These two types of limitations are plainly inconsistent. Because the VE's testimony was based on an internally inconsistent hypothetical, it does not constitute substantial evidence as is required to support the ALJ's Step Five finding. *Varley*, 820 F.2d at 779.

Defendant acknowledges the "discrepancy" between the ALJ's hypothetical and the RFC but argues that this discrepancy does not constitute an error or, if it does, that any such error is harmless. (Mem. In Opp., ECF No. 11 at PageID 916-19.) Defendant's arguments are not well-taken.

First, Defendant asserts that the ALJ can rely on the VE's testimony at Step Five because the hypothetical is "more restrictive" than the RFC as it contains an "additional limitation." Specifically, Defendant argues that "[u]nder the plain reading of the

---

[4] The term "superficial" is not defined in the DOT, Social Security regulations, SSRs, or HALLEX. But this Court has stated that "superficial contact" is a well-recognized work limitation that refers to the quality of interactions with individuals. *See Garvin v. Comm'r of Soc. Sec.,* No. 2:20-CV-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021) (Deavers, M.J.), *report and recommendation adopted,* No. 2:20-CV-2566, 2021 WL 2533191 (S.D. Ohio June 21, 2021) (Sargus, D.J.), citing, e.g., *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020) (Vascura, M.J.), *report and recommendation adopted sub nom. Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, D.J.); *Corey v. Comm'r of Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.).

8

hypothetical question it was not enough just to avoid public contact, but any public contact that did nevertheless occur would also have to be superficial." (Mem. In Opp., ECF No. 11 at PageID 917.) For support, Defendant relies on a Sixth Circuit case that allowed an ALJ to rely on VE testimony that was based on a hypothetical that was more restrictive than the limitations in the RFC. (*Id.*, citing *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 844-845 (6th Cir. 2005)).

The Court concludes that *Pasco* is inapplicable. In that case, the hypothetical that the ALJ gave to the VE "was more favorabl[e] physically than the RFC" because it "included more physical limitations by requiring 'light work' with a 'sit/stand option.'" 137 F. App'x at 845. Significantly, the hypothetical at issue in *Pasco* was not internally inconsistent. Here, by contrast, the ALJ included two conflicting social limitations. A limitation to superficial public contact is not an "additional limitation" that makes the hypothetical more restrictive; instead, it makes the hypothetical internally consistent.

Furthermore, Defendant's proffered interpretation—that the additional limitation to superficial public contact is more restrictive than the limitation to no public contact—is nonsensical. Plainly, a limitation to superficial or occasional public contact is **less** restrictive than a limitation to no public contact. *Kirkhart v. Comm'r of Soc. Sec.*, No. 1:18-cv-241, 2019 WL 2314860, at *6 (S.D. Ohio May 31, 2019) (Litkovitz, M.J), report and recommendation adopted, No. 1:18-cv-241, 2019 WL 4727373 (S.D. Ohio Sept. 27, 2019) (Barrett, D.J.); *May v. Comm'r of the SSA*, No. 3:19-cv-00047, 2020 WL 103579, *5 (S.D. Ohio Jan. 9, 2020) (Ovington, M.J.); *Mindy w. v. Comm'r of the SSA*, No. 3:20-cv-00394, 2022 WL 4365934, *4 (S.D. Ohio Sept. 21, 2022) (Gentry, M.J.).

9

In sum, because the ALJ's hypothetical included two social limitations that are inconsistent with each other, the ALJ's hypothetical was internally inconsistent. Neither this Court nor any other reviewer can determine whether the job numbers testified to by the VE apply to individuals who are capable of superficial public contact or to individuals who cannot tolerate any public contact. Further, because the ALJ's hypothetical question does not "accurately portray" Plaintiff's impairments, the VE's testimony in response to the ALJ's hypothetical does not constitute substantial evidence as is required to support the ALJ's Step Five finding. *Varley*, 820 F.2d at 779.

### B. The ALJ's Error Was Not Harmless

Next, Defendant argues that even if the ALJ did err when formulating the hypothetical question given to the VE, the error is harmless because "the jobs that were identified did not require any public contact." (Mem. In Opp., ECF No. 11 at PageID 918-21.) For support, Defendant relies on the job descriptions contained in the Dictionary of Occupational Titles (DOT). (*Id.* at PageID 919-20.) Defendant asserts that the DOT narrative descriptions for the identified jobs do "not contain anything even remotely involving contact with the public," and that the DOT listings for each job indicate that "Talking" is "not present" and "Taking Instructions-Helping" is "not significant." (*Id.*) Defendant reasons: "Based on the narrative descriptions of these jobs, and the fact that talking is not required in the jobs, there is no reasonable likelihood that they involve any public contact, let alone public contact that is more than superficial." (*Id.* at PageID 920.)

10

Defendant's argument is not well-taken. The fact that the jobs cited by the VE do not involve "Talking"[5] does not establish that the jobs do not involve *other* types of public interaction. Similarly, Appendix B of the DOT defines "Taking Instructions-Helping" as "Attending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.) Helping applies to 'non-learning' helpers." DOT App. B-Explanation of Data, People, and Things, 1991 WL 688701 (4th ed. 1991). The ratings in this category address only the type of *supervisory* interaction involved—not the level of *public* interaction.

The fact that the DOT's narrative descriptions of these jobs do not mention public contact does not prove that they do no involve *any* public contact. Social Security Ruling (SSR) 85-15 states that unskilled jobs "ordinarily involve dealing *primarily* with objects, rather than with data or people . . . ." SSR 85-15, 1985 WL 56857, *4 (January 1, 1985) (emphasis added). It is reasonable to conclude that if dealing with people is not a primary aspect of these jobs, the DOT would not mention public interaction in the narrative descriptions. The opposite of "ordinarily" and "primarily" is not "never." Defendant's assertion that "there is no reasonable likelihood" that the jobs involve any public contact is unsupported and unpersuasive. The Court is not in a position to substitute its judgment for the expertise of the VE when determining whether these positions accommodate the limitation to no public contact.

---

[5] Appendix C of the Selected Characteristics of Occupations Defined in the Revised DOT explains that "Talking" involves "[e]xpressing or exchanging ideas by means of the spoken word to impart oral information to clients or to the public and to convey detailed spoken instructions to other workers accurately, loudly, or quickly." Appendix C. Physical Demands, SCODICOT Appendix C, U.S. Dep't. of Lab., Emp. and Training Admin (1993 ed.).

11

Moreover, Defendant's argument "invit[es] this court to perform a duty which is reserved to the ALJ. It is the ALJ, not the court, who must determine what jobs can be performed by a plaintiff in light of her limitations." *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-CV-3820, 2021 WL 3087639, at *6 (S.D. Ohio July 22, 2021) (Vascura, M.J.), *report and recommendation adopted*, No. 2:20-CV-3820, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021) (Watson, D.J.) (citation omitted). For these reasons, the ALJ's error is not harmless and reversal is required.

## V. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the applicable regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate

12

award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

      A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should develop the record, particularly as to Plaintiff's mental impairments, and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her SSI application should be granted.

**IT IS THEREFORE RECOMMENDED THAT**:

    1.      Plaintiff's Statement of Errors (ECF No. 9) be GRANTED;

    2.      The Court REVERSE the Commissioner's non-disability determination;

    3.      No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

    4.      This matter be REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

    5.      This case be terminated on the Court's docket.

        *s/Caroline H. Gentry*
        Caroline H. Gentry
        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).